IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JAMES ZOW, SR. and VERONICA ZOW,

    Plaintiffs,

    v.

REGIONS FINANCIAL CORPORATION, et al.,

    Defendants.

Civ. No. 12-571-LPS

## MEMORANDUM ORDER

Pending before the Court is Plaintiffs' Verified Motion for Emergency Injunctive and Declaratory Relief and to Stay Foreclosure Sale or, in the Alternative, Grant Verified Motion for Temporary Restraining Order (D.I. 10) ("Motion"), as well as Defendants' opposition thereto (D.I. 15). For the reasons given below, the Court will deny the motion.

**I.    BACKGROUND**

The Complaint (D.I. 3), filed on May 4, 2012, alleges wrongful foreclosure via the use of a purported negotiable instrument, and jurisdiction by reason of diversity of the parties pursuant to 28 U.S.C. § 1332. It also alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Plaintiffs proceed *pro se* and have been granted leave to proceed *in forma pauperis*. (D.I. 5) A service order was entered on September 21, 2012, and Defendants have not yet been served.[1]

On September 20, 2012, Plaintiffs filed the instant motion seeking to enjoin Defendants from conducting a non-judicial foreclosure sale of their residential property scheduled to take

---

[1] The order requires the parties to address the issue of venue.

1

place on October 2, 2012. The next day, the Court ordered Defendants to respond to the motion. (*See* D.I. 11) As ordered by the Court, Defendants filed their opposition (D.I. 15) on September 26, 2012.

## II. LEGAL STANDARDS

"A preliminary injunction is an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999). If Plaintiffs demonstrate the two threshold showings that they are reasonably likely to prevail eventually in the litigation, and they are likely to suffer irreparable injury without relief, the Court then considers the other factors. *See Tenafly Eruv Ass'n, Inc. v. Borough of Tenafly*, 309 F.3d 144, 157 (3d Cir. 2002).

## III. DISCUSSION

Plaintiffs question the authority of Defendant Regions Bank d/b/a Regions Mortgage ("Regions") to non-judicially foreclosure on their residential property. They seek to enjoin the non-judicial foreclosure sale pursuant to Georgia law and contend that they meet the requirements for issuance of an injunction. Defendants oppose the motion on grounds including that Plaintiffs cannot show the likelihood of success on the merits.

Plaintiffs purchased their home in 1994. On November 20, 2008, Plaintiff James Zow, Sr. ("J. Zow") executed an original promissory note secured by a security deed executed by both Plaintiffs to Defendant Mortgage Electronic Registrations, Inc. ("MERS"), as nominee for Regions. (*See* D.I.3 at ¶ 29; D.I. 15 Exs. A, B, and C at ¶ 14) Plaintiffs filed a verified

complaint in the Superior Court of Chatham County, State of Georgia stating that they both signed the security deed. (*See* D.I. 15 Ex. C at ¶ 14) That complaint states that Veronica D. Zow ("V. Zow") signed the security deed as a co-owner, not as a co-borrower. (*See id.*) Defendants indicate that the proceeds of the loan were used to pay off and satisfy a first mortgage on the real property and most of a second mortgage, which was subordinated of record upon the execution of a modification and deed of subordination. (*Id.* at Ex. D) At closing, Plaintiffs executed a waiver of borrower's rights, wherein they consented to a non-judicial foreclosure upon J. Zow's default. (*Id.* at Ex. F)

On January 13, 2009, the loan was purchased by Fannie Mae as part of a pool of loans serviced by Regions as a mortgage-backed securitized loan. (D.I. 3 Ex. 20) In the instant motion, J. Zow "denies the alleged default" and states that he "does not owe Regions Bank any money or debt whatsoever." (D.I. 10 at ¶ 13) However, on June 10, 2009, J. Zow sought special forbearance, indicating a delinquency in mortgage payments that began in March 2009. (*Id.* at Ex. E) As of September 1, 2010, MERS assigned all of its interest in the security deed to Regions. (D.I. 3 Ex. 5) Defendants notified Plaintiffs on November 5, 2010 of the intent to proceed with a non-judicial foreclosure sale to take place on December 7, 2010. (*Id.* at Ex. 6) The sale did not take place.

Subsequent to Plaintiffs' default, litigation among the parties ensued in the: (1) Superior Court of Chatham County, State of Georgia, *Zow v. Regions Fin. Corp.*, Civ. No. 10-1883 FR (voluntarily dismissed by Plaintiffs on May 3, 2012); (2) United States District Court for the Southern District of Georgia, *Zow v. Regions Fin. Corp*, Civ. No. 10-306-BAE-GRS (remanded to 10-1883 FR in State Court on February 16, 2011, after Plaintiffs dismissed all federal claims);

(3) United States District Court for the Southern District of Georgia, *Regions Bank v. Zow*, Civ. No. 11-104-WTM-GRS (voluntarily dismissed without prejudice by Defendants on July 10, 2012); and (4) United States Bankruptcy Court for the Southern District of Georgia, *In re Zow*, Bk. No. 10-42639 (dismissed with prejudice by Court on December 27, 2010 due to debtor's failure to file necessary papers). The instant case was filed in this District on the day after Plaintiffs voluntarily dismissed their State court case.

Non-judicial foreclosures in Georgia are governed by O.C.G.A §§ 44-14-162 through 44-14-162.4. On August 29, 2012, Plaintiffs were notified by certified mail, pursuant to O.C.G.A. § 44-14-162.2, of Regions' intent to initiate proceedings to exercise a power of sale under the terms of the security deed, said sale to take place on October 2, 2012. (D.I. 10 Ex. 11) Plaintiffs took steps in Georgia to stop the sale including: (1) writing letters to Regions disputing the validity of the debt and Regions' lack of authority to proceed with a non-judicial foreclosure; (2) writing a letter to the Savannah Morning News to cease and retract a legal notice of sale under power published on September 6, 2012 and scheduled for additional publication on September 13, 20, and 27, 2012; and (3) filing a notice of lis pendens and notice of corrected lis pendens of this lawsuit in the Superior Court of Chatham County, Georgia on September 4 and 11, 2012, respectively. (*Id.* at Exs. 3-7) It does not appear that Plaintiffs sought relief in State court to enjoin the non-judicial foreclosure. Instead, on September 20, 2012, they filed the instant motion for injunctive relief.

Under Georgia law, it is well-settled that "[t]he holder of a note who is also the grantee in a deed to secure the indebtedness of the note . . . may sue on the note or exercise the power of sale." *REL Dev., Inc. v. Branch Banking & Trust Co.*, 699 S.E.2d 779, 781 (Ga. Ct. App. 2010)

(internal citation and punctuation omitted). As stated by the Supreme Court of Georgia, "[t]he only real defense to the action is to pay up the debt." *River Farm, LLC v. SunTrust Bank*, 699 S.E.2d 771, 772 (Ga. Ct. App. 2010) (internal quotation marks omitted).

Given the exhibits submitted, the Court finds that Plaintiffs have not demonstrated the likelihood of success on the merits. On the record now before the Court, it appears that: Regions is the holder of the note and the assignee of secured deed; J. Zow executed the note at issue on November 20, 2008; Plaintiffs both signed the security deed; J. Zow is in default and has been since 2009; and Plaintiffs executed a waiver of borrower's rights wherein they consented to a non-judicial foreclosure upon J. Zow's default. Hence, pursuant to Georgia law, as holder of the note and assignee of the security deed, Regions became entitled to proceed with a non-judicial foreclosure sale once J. Zow defaulted as set forth in the waiver of borrower's rights.

Plaintiffs also assert that Defendants did not comply with Georgia's non-judicial foreclosure statute, on the basis that verbiage in the 2010 notice is slightly different from the 2012 notice. For example, instead of using the word "holder," the 2012 notice uses the term "secured creditor." Plaintiffs argue the "contradictions" are evidence of fraud and deceptive business practices. At this juncture, however, based upon the record before the Court, it appears that Defendants have complied with the requirements of Georgia's non-judicial foreclosure statute. Should that turn out not to be the case, Plaintiffs have a remedy available to them in the Georgia state courts by bringing an action to set aside the mortgage foreclosure sale. *See e.g., Arrington v. Reynolds*, 565 S.E.2d 870 (Ga. Ct. App. 2002).

For the above reasons, the Court finds that injunctive relief is not appropriate. Therefore, the Court DENIES the motion. (D.I. 10)

5

## IV. CONCLUSION

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Plaintiffs' Verified Motion for Emergency Injunctive and Declaratory Relief and to Stay Foreclosure Sale or, in the Alternative, Grant Verified Motion for Temporary Restraining Order (D.I. 10) is DENIED.

2. The Clerk of Court is directed to serve a copy of this Memorandum Order upon Steven K. Kortanek, Esquire, Womble Carlyle Sandridge & Rice, 222 Delaware Avenue, Wilmington, DE 19801, by electronic mail.

Dated: September 28, 2012

UNITED STATES DISTRICT JUDGE