IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

JAMES ZOW, SR. and VERONICA ZOW, :
:
      Plaintiffs, :
:
      v. : Civ. No. 12-571-LPS
:
REGIONS FINANCIAL CORPORATION, et al., :
:
      Defendants. :

---

James Zow, Sr., and Veronica Zow, Savannah, Georgia, Pro Se Plaintiffs.

Thomas Michael Horan, Esquire, Womble Carlyle Sandridge Rice, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

July 26, 2013
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiffs James Zow, Sr. ("J. Zow") and Veronica Zow ("V. Zow") (together "Plaintiffs"), filed this civil action on May 4, 2012. The Complaint (D.I. 3) alleges wrongful foreclosure via the use of a purported negotiable instrument, and jurisdiction by reason of diversity of the parties pursuant to 28 U.S.C. § 1332. It also alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Plaintiffs proceed *pro se* and have been granted leave to proceed *in forma pauperis*. (D.I. 5) On September 12, 2012, the Court ordered the parties to brief the issue of whether the United District Court for the Southern District of Georgia is a more convenient venue for this matter.[1] (*See* D. I. 12) Presently before the Court are Plaintiffs' and Defendants' briefs. (D.I.25, 35) For the reasons discussed below, the Court will order the action transferred to the United District Court for the Southern District of Georgia.

## II. BACKGROUND

In 1994, Plaintiffs purchased their home in Savannah, Georgia. On November 20, 2008, J. Zow executed an original promissory note secured by a security deed executed by both Plaintiffs to Defendant Mortgage Electronic Registrations, Inc. ("MERS"), as nominee for Regions Bank d/b/a Regions Mortgage ("Regions"). (*See* D.I.3 at ¶ 29; D.I. 15 Exs. A, B, and C at ¶ 14) Plaintiffs filed a verified complaint in the Superior Court of Chatham County, State of

---

[1] The Third Circuit has not decided whether a district court may transfer venue under 28 U.S.C. § 1404(a) on its own motion. Courts within this Circuit have held that when no motion to transfer to a more convenient venue has been filed, the Court may *sua sponte* transfer the case, but only after first providing the parties with an opportunity to brief the transfer issue. *See, e.g., Johnson v. U.S. Bancorp*, 2012 WL 1133689 (D. Del. Mar. 30, 2012); *Bank Express Int'l v. Kang*, 265 F.Supp.2d 497, 507 n.12 (E.D. Pa. 2003).

1

Georgia stating that they both signed the security deed. (*See* D.I. 15 Ex. C at ¶ 14) That complaint states that V. Zow signed the security deed as a co-owner, not as a co-borrower. (*See id.*) Defendants indicate that the proceeds of the loan were used to pay off and satisfy a first mortgage on the real property and most of a second mortgage which was subordinated of record upon the execution of a modification and deed of subordination. (*Id.* at Ex. D) On January 13, 2009, the loan was purchased by Fannie Mae as part of a pool of loans serviced by Regions as a mortgage-backed securitized loan. (D.I. 3 Ex. 20) On June 10, 2009, J. Zow sought special forbearance, indicating a delinquency in mortgage payments that began in March 2009. (D.I. 10 Ex. E) As of September 1, 2010, MERS assigned all of its interests in the security deed to Regions. (D.I. 3 Ex. 5) Defendants notified Plaintiffs on November 5, 2010 of the intent to proceed with a non-judicial foreclosure sale to take place on December 7, 2010. (*Id.* at ex. 6)

Plaintiffs filed the instant Complaint on May 4, 2012, followed by a Verified Motion for Emergency Injunctive and Declaratory Relief and to Stay Foreclosure Sale or, in the Alternative, Grant Verified Motion for Temporary Restraining Order. (D.I. 10) The Court denied the motion on September 28, 2012 (D.I. 16), Plaintiffs appealed (D.I. 18), and the appeal was dismissed pursuant to Fed. R App. P. 42(b) (D.I. 23). The Court has been advised that on October 2, 2012, Plaintiffs filed a chapter 7 bankruptcy in the United States Bankruptcy Court for the Southern District of Georgia. (D.I. 21)

Subsequent to Plaintiffs' default, litigation among the parties ensued in the: (1) Superior Court of Chatham County, State of Georgia, *see Zow v. Regions Fin. Corp.*, Civ. No. 10-1883 FR (voluntarily dismissed by Plaintiffs on May 3, 2012); (2) United States District Court for the Southern District of Georgia, *see Zow v. Regions Fin. Corp*, Civ. No. 10-306-BAE-GRS

(remanded to 10-1883 FR in State Court on February 16, 2011, after Plaintiffs dismissed all federal claims); (3) United States District Court for the Southern District of Georgia, *see Regions Bank v. Zow*, Civ. No. 11-104-WTM-GRS (voluntarily dismissed without prejudice by Defendants on July 10, 2012); and (4) United States Bankruptcy Court for the Southern District of Georgia, *see In re Zow*, Bk. No. 10-42639 (dismissed with prejudice by Court on December 27, 2010 due to debtor's failure to file necessary papers).

### III.    DISCUSSION

#### A.    28 U.S.C. § 1404(a)

Pursuant to 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district where the action might have been brought for the convenience of parties and witnesses and in the interests of justice. Congress intended through § 1404 to place discretion in the district court to adjudicate motions to transfer according to an individualized, case-by-case consideration of convenience and the interests of justice. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d 192, 208 (D. Del. 1998).

"Unless the balance is strongly in favor of a transfer, the plaintiff's choice of forum should prevail." *ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565, 567-68 (D. Del. 2001); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d. Cir 1970). The deference afforded a plaintiff's choice of forum will apply as long as a plaintiff has selected the forum for some legitimate reason. *See Medtronic, Inc. v. Boston Scientific Corp.*, 587 F. Supp. 2d 648, 654 (D. Del. 2008); *Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc.*, 2001 WL 1617186, at *2 (D. Del. Nov. 28, 2001); *Continental Cas. Co. v. American Home Assurance Co.*, 61 F. Supp. 2d 128, 131 (D. Del. 1999).

3

Although "there is no definitive formula or list of factors" to consider in assessing whether to transfer, typically a series of private and public interests are considered. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). The private interests include: (1) plaintiff's forum preference as manifested in the original choice; (2) defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum). *See id.* The public interests include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *See id.*

### B. <u>Forum</u>

Plaintiffs state that "while facially it may appear that the Southern District of Georgia is more convenient for this matter . . ., Plaintiffs chose the Delaware forum due to necessity in hopes of obtaining a fair and just tribunal." (D.I. 35) Plaintiffs argue that the "interests of justice" should outweigh a more convenient forum. (*Id.*) They note that three out of the four Defendants are incorporated under the laws of Delaware. Plaintiffs urge the Court to stay a ruling on the venue issue pending the filing of answer or other pleading by Regions. They contend that Regions has avoided providing evidence of a debt. Defendants argue that both the

private interests and public interests weigh in favor of a transfer to United District Court for the Southern District of Georgia.

In viewing all the *Jumara* factors, the Court finds that the balance is strongly in favor of a transfer under § 1404. The alleged facts giving rise to the complaint occurred in Georgia. Although they filed this action in Delaware, Plaintiffs are residents of Georgia and the real property at issue is located in Georgia. It is evident that the Southern District of Georgia is a more convenient forum. Indeed, documents, witnesses, and evidence are located in that district.

In addition, Plaintiffs recently filed for bankruptcy in the Southern District of Georgia. It will be more efficient and less expensive to litigate the dispute in the Southern District of Georgia rather than Delaware. Finally, given the fact that the alleged wrongs occurred in Georgia, the Southern District of Georgia has a stronger interest in deciding the dispute and, for those claims raised under Georgia law, the presiding judge will have more familiarity with the applicable law.

Given all of the related litigation in Georgia, it is not entirely clear that Plaintiffs had a legitimate reason for filing suit here. In any event, even according deference to Plaintiffs' choice of forum, the balance of factors is strongly in favor of a transfer to the United States District Court for the Southern District of Georgia.

## IV.  **CONCLUSION**

For the above reasons, the Court will order the action transferred to the United States District Court for the Southern District of Georgia, and will deny without prejudice to renew all other pending motions.

An appropriate Order follows.